## JOHN E. SNYDER v. STATE.

No. A-4676.    Opinion Filed Oct. 30, 1925.
(240 Pac. 331.)

Stevens & Cline, for plaintiff in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.    Plaintiff in error, defendant in the trial court, was convicted of embezzlement, with his pun-

ishment fixed at confinement in the state penitentiary for a term of one year.

The information charged, in substance, that the defendant willfully, unlawfully, and feloniously appropriated to his own use and benefit certain money, the property of the Farmers' and Merchants' Bank of Sterling, Okla., while acting as assistant cashier of that bank; that. the money was taken in violation of his trust as agent and assistant cashier of the bank, without the knowledge or consent of the owner, with the intent to deprive the owner thereof and appropriate it to his own use.

A demurrer.was filed attacking the information on the grounds that it was not indorsed and verified as required by law, that it did not state facts sufficient to constitute a public offense, and that no preliminary hearing was afforded the defendant. This demurrer was properly overruled. The information was in fact signed and indorsed, the allegations stated a public offense, and, in the absence of a specific showing to the contrary, there is a presumption that a preliminary hearing was had. In the brief on appeal it is not urged that the information was. not properly signed and indorsed, or that no preliminary hearing was had.

The defendant urges that this demurrer should have been sustained, for the reason that the defendant was prosecuted under the provisions of the Criminal Code (section 2122, C. O. S. 1921), the general statute on embezzlement, whereas he should have been prosecuted under the special law relating to banks and banking (section 4142, C. O. S. 1921).

This objection, if available to the defendant, was not properly raised by the demurrer. No claim was made in the trial court that the prosecution was not brought under the proper statute. Moreover the penalty prescribed for

embezzlement under section 4142, supra, is greater than that prescribed by section 2122, so that the error, even though it had not been waived, inured to the benefit of the defendant.

The allegations of the information are sufficient to support a conviction under section 2122, supra; it is not necessary to decide whether they would have been sufficient to sustain a conviction under section 4142.

The defendant next complains that the court erred in permitting one of the officers to give secondary evidence as to the contents of a written statement signed by the defendant at the time he was arrested. This objection must also be rejected. The record shows that some evidence was offered that the statement so signed was lost and could not be found. It appears, moreover, that the officers who arrested the defendant in Kansas City, and the sheriff who brought him from Kansas City to Comanche county, testified to oral statements made by the defendant in their presence concerning the same facts and circumstances alleged to have been incorporated in the written statement, which was in the nature of a confession that he (the defendant) had from time to time, while assistant cashier of the bank, abstracted from the funds of the bank various sums of money, amounting in the aggregate to $1,900. In his own behalf the defendant at the trial gave a plausible explanation of this alleged confession.

Even if the foundation laid for the introduction of secondary evidence was insufficient, the direct oral evidence given by these officers as to the same facts was admissible, so that the admission of this secondary evidence as to the contents of the written statement was immaterial. This objection cannot be consistently urged in this court for another reason, which is that two other officers testified to the contents of the written statement without objection on the part of the defendant.

It is next urged that the evidence is insufficient to support the verdict. The evidence is voluminous, but it would serve no good purpose to attempt to analyze it here. The evidence in toto has been examined, and there is ample, if believed by the jury, to support the verdict. The weight of the evidence and the credibility of the witnesses is for the jury.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.